IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lazarus M. Brannon, #227847, ) | C/A No. 5:14-03135-BHH-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| ) | |
| Joseph McFadden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Lazarus M. Brannon ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 18, 19. On October 24, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the Summary Judgment Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 20. On February 2, 2015, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. ECF No. 30. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 18, be granted.

I.  Background

Petitioner is currently incarcerated in the Lieber Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"). ECF No. 1 at 1. In 1999, Petitioner was

indicted at the March term of the Cherokee County Grand Jury for one count of trafficking in cocaine 100 grams or greater (1999-GS-11-170). App. 1; 252.[1] Wade S. Weatherford represented Petitioner in a jury trial that convened from November 1-2, 1999, before the Honorable Gary E. Clary. *Id.* After the trial, the jury found Petitioner guilty. App. 257. Judge Clary sentenced Petitioner to twenty-five years imprisonment for the drug trafficking conviction. App. 260-261.

Assistant Appellate Defender Robert M. Dudek represented Petitioner on direct appeal. ECF No. 19-5. In his brief, Petitioner argued: "Whether the trial court erred in refusing to suppress crack cocaine and statements made by [Petitioner] when the consent to search [Petitioner's] car was the product of an illegal detention and/or seizure of [Petitioner]?" *Id.* at 4. After reviewing both briefs, the South Carolina Court of Appeals affirmed Defendant's conviction and sentence in a published opinion, *State v. Brannon*, 552 S.E.2d 773, 774 (S.C. Ct. App. 2001), holding Petitioner's consent to search was voluntarily given. ECF No. 19-7. On September 26, 2001, the court of appeals issued a Remittitur. ECF No. 19-8.

II.     Procedural History

Petitioner filed an application for Post-Conviction Relief ("PCR") on May 30, 2002 (02-CP-11-396), alleging ineffective assistance of trial counsel, constitutional rights violations, and ineffective assistance of appellate counsel. App. 265-273. Specifically, Petitioner asserted the following allegations, recited verbatim, regarding his claims:

> (a)     counsel was ineffective for not subpoenaing informant.
> (b)     counsel violated my 5th, 6th, 14th Amendment rights.
> (c)     Appellate Counsel was Ineffective.

---

[1] Citations to "App." refer to the Appendix for Writ of Certiorari, Supplemental Appendix, and Second Supplemental Appendix as to Petitioner's claim for collateral relief in the state courts of South Carolina. That appendix is available at ECF Nos. 19-1 through 19-4 in this habeas matter.

App. 267. The State filed a Return to Petitioner's Application on July 24, 2003. App. 271-73. Thereafter, a motions hearing convened on June 21, 2004, before the Honorable J. Mark Hayes, App. 274-280.[2] Petitioner was represented by Sheryl Bland, and Paula S. Magargle appeared on behalf of the State. *See id.* In an Order of Dismissal dated September 23, 2004, the PCR court denied Petitioner's PCR Application in full, making the following findings of fact and conclusions of law:

## I. PROCEDURAL BACKGROUND

> The Applicant is incarcerated with the South Carolina Department of Corrections. The Applicant was indicted for trafficking in crack cocaine over 100 grams (99-GS-11-170). Wade Weatherford, lll, Esq. represented the Applicant on the charge.
>
> On November 1-2, 1999, the Applicant proceeded to a jury trial on the indictment. The Applicant was found guilty of the charge. The Honorable Gary E. Clary sentenced the Applicant to imprisonment for 25 years. The South Carolina Court of Appeals affirmed the conviction on June 4, 2001.
>
> ## II. APPLICABLE LAW
> ### a. Ineffective Assistance of Trial Counsel
>
> In a post-conviction relief action, the Applicant has the burden of proving the allegations in the application. Rule 71.1(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985).
>
> Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984); Butler v. State.
>
> The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. The courts presume that counsel rendered adequate assistance and made all significant

---

[2] No transcript from the PCR hearing is available. When Petitioner filed his second PCR application he petitioned the South Carolina Supreme Court for an order to reconstruct the record. ECF No. 19-3 at 4-8. That request was denied. *Id.* at 14.

decisions in the exercise of reasonable professional judgment. Butler v. State. The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

The courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry v. State, 300 S.C. at 117, 385 S.E.2d at 625, *citing* Strickland. Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry v. State; Johnson v. State, 325 S.C. 182, 480 S.E.2d 733 (1997).

### III. SUMMARY OF TESTIMONY PRESENTED AT THE PCR EVIDENTIARY HEARING, FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Applicant and the Applicant's former trial counsel Wade Weatherford, III, Esq., testified at the PCR evidentiary hearing.

The Court has reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. Further, this Court reviewed the Clerk of Court records regarding the subject conviction, the Applicant's records from the South Carolina Department of Corrections, the application for post-conviction relief, the transcripts and documents from the prior proceedings, and legal arguments of counsel. Pursuant to S.C. Code Ann. § 17-27-80 (1985), this Court makes the following findings of fact based upon all of the probative evidence presented.

**Allegation of ineffective assistance of trial counsel for failing to call witnesses**

The Applicant alleges that trial counsel should have subpoenaed witnesses and had them testify at trial. Applicant testified that trial counsel should have subpoenaed the confidential reliable informant (CRI) and another informant to testify because their credibility could have been an issue. Neither one of these witnesses were present at the PCR hearing. Trial counsel testified he did not know the identification of the CRI until the day of the trial. Trail (sic) counsel further testified that he had no way of subpoenaing the witnesses because one of the witnesses was in federal prison and the other informant was on the run. Trial counsel also testified that neither one of these witnesses were part of the crime. This Court finds that these witnesses would not have provided any beneficial testimony for the Applicant at trial, and, therefore, trial counsel was not

4

ineffective for not calling or subpoenaing these witnesses. This Court further finds that trial counsel articulated a valid trial strategy for not calling these witnesses. Roseboro v. State, 317 S.C. 292, 454 S.E.2d 312 (1996). This allegation of ineffective assistance of counsel is denied.

**Allegation of ineffective assistance of trial counsel for failing to have a preliminary hearing**

The Applicant testified that trial counsel did not make a motion for a preliminary hearing to be held on behalf of the Applicant although requested by Applicant. Trial counsel testified that there was nothing in his notes that shows that the Applicant and trial counsel discussed a preliminary hearing. Further counsel testified that by the time counsel was appointed that the time for a preliminary hearing had already passed.

This Court finds that trial counsel's testimony was credible and the Applicant's testimony was not credible. Trial counsel was not appointed in time to have a preliminary hearing as well as the fact that trial counsel does not have any notes showing a discussion regarding a preliminary hearing. This was a matter of trial strategy and not ineffective assistance of counsel. Where counsel articulates a valid strategic reason for his action or inaction, counsel's performance should not be found ineffective. Roseboro v. State, 317 S.C. 292, 454 S.E.2d 312 (1996). This allegation of ineffective assistance of counsel is denied.

**Allegation of ineffective assistance of appellate counsel**

The Applicant testified that appellate counsel was ineffective for not raising other claims on appeal. Where ineffective assistance of appellate counsel is alleged, the Applicant must show that appellate counsel's performance was (1) deficient; and (2) that there was prejudice from the appellate counsel's deficiency. Southerland v. State, 337 S.C. 610, 524 S.E.2d 833 (1999). To be effective, appellate counsel must give assistance of such quality as to make appellate proceedings fair. Id. Appellate counsel must provide effective assistance but need not raise every non-frivolous issue presented by the record. Id. Appellate counsel has a professional duty to choose among potential issues according to their merit. Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308 (1983). Where the strategic decision to exclude certain issues on appeal is based on reasonable professional judgment, the failure to appeal all trial errors is not ineffective assistance of counsel. Griffin v. Aiken, 775 F.2d 1226 (4th Cir. 1985).

When a claim of ineffective assistance of appellate counsel is based upon failure to raise viable issues, the court must examine the record to determine "whether appellate counsel failed to present significant and obvious issues on appeal." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986). Generally, the presumption of

5

effective assistance of counsel will be overcome only when the alleged ignored issues are clearly stronger than those actually raised on appeal. Id.

The Court has examined the record before the court and finds that appellate counsel raised the significant and obvious issues. The Court further finds that there were not issues that were stronger than the ones that appellate counsel raised on appeal.

**Allegation that the Circuit Court lacked subject matter jurisdiction**

The Applicant's allegation that the trial court lacked subject matter jurisdiction is without merit. A circuit court has subject matter jurisdiction to convict a criminal defendant if: (1) there has been an indictment returned true billed by a grand jury which sufficiently states the offense; (2) there has been a waiver of presentment to the grand jury indictment; or (3) the charge is a lesser included charge of the crime charged in the indictment. Locke v. State, 341 S.C. 54, 533 S.E.2d 324 (2000). An indictment is sufficient to convey jurisdiction if it apprizes (sic) the defendant of the necessary elements of the offense intended to be charged and informs the defendant of the circumstances he must be prepared to defend. State v. Parker, 344 S.C. 250, 543 S.E.2d 255 (Ct. App. 2001). An indictment passes legal muster if it "charges the crime substantially in the language of the ... statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood ...." Reddick v. State, 348 S.C. 631, 560 S.E.2d 441 (Ct. App. 2002). The true test of the sufficiency of an indictment is not whether it could be made more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprizes (sic) the defendant of what he must be prepared to meet. Browning v. State, 320 S.C. 366, 368, 465 S.E.2d 358, 359 (1995).

In the present case, the indictment was true-billed by the Cherokee County Grand Jury, and it gave the time, place, and manner of the events in which Applicant was accused of having participated. All of the necessary elements of the crimes were included in the indictments. Accordingly, this Court finds the Applicant failed to carry his burden of proof to show that the trial court lacked subject matter jurisdiction. Therefore, this Court finds the trial court had subject matter jurisdiction. Accordingly, this allegation is denied.

As to any and all allegations which were or could have been raised in the application or at the hearing in this matter, but were not specifically addressed in this Order, this Court finds that the Applicant failed to present any probative evidence regarding such allegations. Accordingly, this Court finds that the Applicant waived such allegations and failed to meet his burden of proof regarding them. Accordingly, they are dismissed with prejudice.

App. 274-79. Petitioner did not appeal from the denial of this PCR Application, according to the record. *See* ECF Nos. 19 at 11, 19-3 at 9.

Petitioner filed his second PCR Application on June 23, 2010. App. 282-88. Petitioner claimed, verbatim, that he was being held unlawfully under "6th and 14th Amendment Rights 'Bill of Rights;' [and] Due Process Clause; Confrontation Clause." App. 284. As facts to support the grounds Petitioner stated, verbatim: "(a) The 6th Amendment right to confront. (Pointer v. Texas) [and] (b) Hearsay allow at trial (California v. Green)." *Id.* On February 17, 2011, Judge J. Mark Hayes, II., issued a Conditional Order of Dismissal denying the second PCR application with prejudice unless within twenty days of his order Petitioner could "show why [the] order should not become final." App. 289-93. In his Conditional Order, Judge Hayes found all of Petitioner's allegations in his application successive and, with the exception of his claim for belated PCR appeal, should have been raised at in his first PCR application. *Id.* at 291. Judge Hayes also found Petitioner's second PCR application, including Petitioner's claim for a belated PCR appeal, barred by the doctrine of laches. *Id.* at 291-293. After receiving a Response from Petitioner, Judge Hayes issued a Final Order on November 23, 2011, denying Petitioner's PCR Application with prejudice.[3] App. 294-95. There, the court found Petitioner's second PCR application was successive and untimely. *Id.* at 295.

Petitioner, represented by Wanda H. Carter, Deputy Chief Appellate Defender, filed a Petition for Writ of Certiorari dated November 5, 2012. ECF No. 19-10. The issue presented, quoted verbatim, was: "The instant PCR judge erred in denying petitioner's request for an

---

[3] Though referenced in Judge Hayes's Final Order, the record before this court does not include a copy of Petitioner's Response to the Conditional Order of Dismissal.

Austin[4] appeal of his first PCR action on the ground that the doctrine of laches barred this request because the defense of laches was not present in this case." *Id.* at 3. The State filed a Return to the Petition for Writ of Certiorari dated January 29, 2013. ECF No. 19-11. After the South Carolina Supreme Court transferred the case to the South Carolina Court of Appeals, ECF No. 19-12, on March 11, 2014, the South Carolina Court of Appeals denied the Petition for Writ of Certiorari. ECF No. 19-13. The Remittitur was issued on April 3, 2014. ECF No. 19-14. This federal habeas petition followed on August 4, 2014. ECF No. 1.

   III.   Discussion

      A.  Federal Habeas Issues

Petitioner raises the following issues in his Federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE: 6th Confrontation Clause under Const. Amend. Right.
>
> Supporting Facts: Petitioner trial counsel failed to give him a fair trial by not subpoena the C.R.I. and having the informant crossed examined face to face with the witnesses against the Petitioner. Furthermore, trial counsel failed to instruct the jury of the right under Constitution 1 and to seek the truth and test the liability of the witnesses against the accused. See exhibit 2a
>
> GROUND TWO: Due process violation 14th
>
> Supporting Facts: Furthermore, trial attorney admitted that he didn't know the identity of witnesses till day of trial, (See attachments dated October 20, 2004) which clearly trial counsel lied (See Brady request, and Warrant). Petitioner trial counsel failed to prepare Petitioner trial to where he'll enjoy the Rights to a Fair trial. (Petitioner never receive Brady motion till after incarceration).

---

[4] *Austin v. State*, 409 S.E.2d 395 (S.C. 1991).

B. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the

9

court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.  Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Further, the AEDPA provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

   IV.   Discussion

    A.  Petitioner's Application Is Time-Barred

Respondent argues that Petitioner's habeas Petition should be dismissed because all of Petitioner's claims are barred by the statute of limitations. ECF No. 19 at 15-16. Petitioner does not address the statute of limitations argument when responding to the Motion for Summary Judgment. ECF No. 30.

As stated above, the AEDPA provides that "[a] 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The time limit begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The United States Supreme Court recently interpreted the two prongs of 28 U.S.C. § 2244(d)(1)(A) as follows:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

Review of the record indicates Petitioner's federal habeas Petition was not timely filed. As previously summarized, Petitioner timely appealed his conviction and sentence. The South Carolina Court of Appeals issued a published opinion, affirming Petitioner's conviction on September 10, 2001. ECF No. 19-7. To pursue review with the South Carolina Supreme Court

by petitioning for a writ of certiorari, Petitioner was required to first petition the Court of Appeals for rehearing. *See* Rule 242(c), South Carolina Appellate Court Rules ("SCACR") (providing that a decision of the Court of Appeals "is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals."). Because Petitioner did not file a Petition for Rehearing, his conviction became final on September 26, 2001, after the time period for filing a petition for rehearing had expired. *See* Rule 221(b), SCACR (stating that petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court); 28 U.S.C. § 2244(d)(1)(A).

Petitioner's filing of his first PCR Application on May 30, 2002, tolled the one-year limitations period, *see* 28 U.S.C. § 2244(d)(2); 262 days had elapsed when Petitioner filed his first PCR Application, leaving 103 days within which Petitioner could timely file a federal habeas petition. The statute of limitations remained tolled until November 19, 2004, which is 30 days after the PCR court's order was filed on October 20, 2004. *See* Rule 203, SCACR (stating that a notice of appeal shall be served on all respondents within thirty days after receipt of written notice of entry of the order or judgment). Petitioner did not file his habeas action until August 4, 2014, several years after the statute of limitations had run. ECF No. 1-6; *see Houston v. Lack,* 487 U.S. 266, 270–71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). Clearly, Petitioner's habeas Petition is untimely. The filing of Petitioner's second PCR Application on June 23, 2010, also several years after the AEDPA statute of limitations expired, did not toll the statute of limitations

because the limitations period had already expired when the application was filed. Thus, Petitioner's habeas Petition is untimely under 28 U.S.C. § 2244(d) and must be dismissed.

  B. The Statute of Limitations Should Not Be Equitably Tolled

  The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705-06 (4th Cir. 2002); the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

  In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560

(2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

Petitioner does not argue that he should be entitled to equitable tolling. Therefore, the undersigned finds that Petitioner has failed to present an extraordinary circumstance that was beyond his control that prevented him from filing a timely habeas petition. Therefore, Petitioner has failed to satisfy his burden of demonstrating entitlement to equitable tolling. Accordingly, equitable tolling of the statute of limitations is not merited. Based upon the foregoing, the Petition was not timely filed, and it is barred by Section 2244(d)(1).[5]

V.     Conclusion and Recommendation

Therefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 18, be GRANTED and the Petition be DENIED.

---

[5] Because the court finds that the statute of limitations bars Petitioner's § 2254 Petition, it is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

IT IS SO RECOMMENDED.

March 10, 2015 Kaymani D. West
Florence, South Carolina United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**