IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lazarus M. Brannon, #227847, ) | Civil Action No.: 5:14-3135-BHH |
| Petitioner, ) | |
| v. ) | **OPINION AND ORDER** |
| Joseph McFadden, ) | |
| Respondent. ) | |

The petitioner Lazarus M. Brannon ("the petitioner"), proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2254. (ECF No. 1.) This matter is before the Court on the respondent's motion for summary judgment (ECF No. 18). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West, for pre-trial proceedings and a Report and Recommendation ("Report"). On March 10, 2015, Magistrate Judge West issued a Report recommending that the respondent's motion for summary judgment be granted and the petition be denied on the grounds that it is time-barred. (ECF No. 32.) The petitioner filed objections on April 2, 2015 (ECF No. 37).

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed. *Id.* However, the court need not conduct a *de*

*novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) ( "[D]e *novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court agrees with the Magistrate Judge that the petition is clearly time-barred. The Magistrate Judge noted that the petitioner had not alleged that he was entitled to equitable tolling. The petitioner's rambling objection blames his PCR counsel for failing to file an appeal on his behalf. However, the petitioner has not provided any evidence to support equitable tolling, which the Magistrate Judge correctly observed is available only in very limited instances where the petitioner shows extraordinary circumstances, which have not been shown to exist here. The petitioner's objections are overruled.

After a thorough review of the record of this matter, the applicable law, and the Report of the Magistrate Judge, the Court finds that the petitioner's objections are without merit. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 32) by reference into this order.

It is therefore ORDERED that the respondent's motion for summary judgment (ECF

No. 18) be GRANTED, and the petition be denied.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.

    IT IS SO ORDERED.

                        /s/Bruce Howe Hendricks
                        United States District Judge

September 21, 2015
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.